**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CIARAN O'BRIEN,**

    **Plaintiff,**

**v.**                                                          **Case No.  8:12-cv-2662-T-30AEP**

**MICHELLE COMPTON and**
**AMERISAVE MORTGAGE CORP.,**

    **Defendants.**
_____/

**ORDER**

    THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 6). Upon review of Defendants' motion, the Court concludes that any response from Plaintiff would be futile because Plaintiff cannot assert an action under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Plaintiff failed to administratively exhaust his disability discrimination claim under the Americans with Disabilities Act ("ADA").  Thus, Defendants' motion should be granted and this case should be dismissed without prejudice to Plaintiff to administratively exhaust his ADA claim.

**DISCUSSION**

    Plaintiff Ciaran O'Brien is proceeding in this case *pro se*.  His complaint against Defendants Michelle Compton and Amerisave Mortgage Corp. arises under the Equal Protection Clause and the ADA.  The claims stem from Defendants' alleged actions of withdrawing an offer of employment they had made to O'Brien after learning of or

discovering his alleged physical disability. O'Brien alleges that he was qualified for the position and there were "no lawful grounds for which to deny employment to [him]" (Dkt. 1).

Upon review of Plaintiff's complaint, the Court concludes that it must be dismissed without prejudice. As an initial matter, the Court notes that Plaintiff cannot assert a claim under the Equal Protection clause because the allegations of the complaint relate to private actions, i.e., Amerisave is a private employer. *See Singletary v. Haskell Co.*, 2009 WL 2604587, *1 (M.D. Fla. Aug. 21, 2009) (noting that "plaintiff cannot bring constitutional claims against a private employer").

Also, as Defendants point out, in order to assert a claim under the ADA, Plaintiff must exhaust his administrative remedies. *See Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). In other words, Plaintiff must file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). *See Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999); *Houston v. Army Fleet Services, L.L.C.*, 509 F. Supp. 2d 1033, 1040 (M.D. Ala. 2007) (noting that to assert a claim under the ADA, an employee "must comply with the same procedural requirements to sue under Title VII,"). This requirement is an absolute prerequisite to filing suit.

Here, Plaintiff does not allege that he completed the EEOC administrative charge process. And there is no evidence that an agency issued a notice of right to sue letter. Thus, to the extent that Plaintiff asserts claims under the ADA, they must first be administratively exhausted.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 6) is granted to the extent stated herein.

2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Dkt. 2) is denied as moot.

3. This action is dismissed without prejudice to Plaintiff to exhaust his administrative remedies.

4. The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 29, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2662.mtdismiss6.frm